USDC-SDNY
DOCUMENT
ELECTRONICALLY
FILED
DOC#:
DATE FILED: 03/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NEIL GONZALEZ,                                    :
                                                  :
                           Plaintiff,             :
                                                  :
            v.                                    :          **ORDER**
                                                  :
METRO-NORTH COMMUTER RAILROAD,                    :          Case No.: 18-CV-7660 (RA)
                                                  :
                           Defendant.             :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

RONNIE ABRAMS, United States District Judge:

 After a three-day trial, a jury found in favor of Defendant. The Clerk of Court is

respectfully directed to upload to ECF the Court Exhibits from trial, each of which is attached to

this Order:

    **Court Exhibit 1:**  **Voir Dire Questionnaire**
    **Court Exhibit 2:**  **Draft Jury Charge**
    **Court Exhibit 3:**  **Jury Charge**
    **Court Exhibit 4:**  **Jury Note**
    **Court Exhibit 5:**  **Verdict Form**

SO ORDERED.

Dated:  March 22, 2021
    New York, New York

             Ronnie Abrams
             United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<u>**COURT EXHIBIT 1**</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NEIL GONZALEZ,                                  :
                                                :
                            Plaintiff,          :
                                                :
            v.                                  :        <u>**Voir Dire Questionnaire**</u>
                                                :
METRO-NORTH COMMUTER RAILROAD,                  :        Case No.: 18-CV-7660 (RA)
                                                :
                            Defendant.          :
                                                :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DESCRIPTION OF THE CASE

      This is an action brought by Neil Gonzalez against the Metro-North Commuter Railroad. Mr. Gonzalez was employed as a Third Railman for the Railroad. He alleges that on August 10, 2016, he suffered injuries after slipping on stairs at the Mott Haven Yard in the Bronx. Mr. Gonzalez is suing the Railroad for monetary damages, claiming that the Railroad was negligent in failing to maintain the safety of the stairs and in failing to warn of the slippery condition. The Railroad argues that the stairs were safe and that any injuries suffered by Mr. Gonzalez were caused in whole or in part by his own negligence.

QUESTIONS FOR JURORS

      Please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question and informing the Court when asked. If your answer to a question is "**no**," you need not do anything. Do not write your name or make any other marks on the questionnaire. If, when asked about a "**yes**" answer, you prefer not to explain your answer in open court, please say so and we will talk in a more private setting.

I.      **General Questions**

    1.   Based on my summary, do you have any personal knowledge of the facts or allegations in this case?

    2.   Have you heard, read, or seen anything through the media, internet, or any other source about this case? If so, what, and would it prevent you from rendering a fair and impartial verdict in this case?

    3.   Based on what you have been told about this case so far, do you have any opinion as to whether Metro-North Commuter Railroad should be held liable for the allegations against it?

4. Do you have any opinions regarding the nature of the allegations that may prevent you from being a fair and impartial juror?

5. This trial is expected to last approximately **three to four days**. The jury will typically sit from 9:45 a.m. to 3:45 p.m., beginning today through the conclusion of the trial. Do you have any physical problem, disability, medical issue, or other personal or emotional hardship that may distract you or otherwise interfere with your ability to serve on the jury in this case?

6. Do you have any difficulty reading or understanding English?

7. Do you have any difficulty with your vision or hearing that could affect your ability to serve as a juror?

8. Are you taking any medication that may prevent you from giving your full attention to the trial?

9. Is there any other reason why you may not be able to give your full attention to the trial, or serve responsibly as a juror?

## II.      Knowledge of the Parties, Counsel, and Court Staff

10. Do you know me, Judge Ronnie Abrams; my courtroom deputy, Allison Cavale; or my law clerk, Benjamin Alter?

11. The Plaintiff in this case is Neil Gonzalez.  Do you or, to your knowledge, does a family member or a close friend know Neil Gonzalez or anyone close to him?

12. A defendant in this action is Metro-North Commuter Railroad. Have you, a family member, or a close friend ever been employed by or otherwise affiliated with Metro-North? If so, please explain.

13. Do you have any opinion about Metro-North? If so, please explain.

14. The parties in this case have been or are being represented by the following attorneys: Marc Wietzke and Sean Constable of Flynn & Wietzke, P.C.; and Paul Krez, William Blumenschein, and Mark Taustine of Krez & Flores, LLP.

    Have you or, to your knowledge, has a family member or a close friend ever been employed by or had any relationship with any of these attorneys or their law firms?  Are you familiar with any of these lawyers or the firms?  If so, please explain.

15. Do you personally know any of the following individuals who may be witnesses in this matter or referenced during the trial?

(a) Neil Gonzalez
(b) Marisol Gonzalez
(c) Douglas Taylor
(d) Brian Kowalczyk
(e) Alan Morton
(f) Dr. Michael Cushner
(g) Dr. Charles P. Koczka
(h) Dr. Noah Chinitz
(i) Dr. Cy Blanco
(j) Dr. Herbert Sherry
(k) Dr. Joseph Saracco
(l) Dr. Matthew Roberts

16. As you look around the room, do you recognize anyone else you know?

**III.    Education and Relevant Experience**

17. Have you ever taken legal courses of any kind?  If so, please explain.

18. Have you ever taken medical courses of any kind? If so, please explain.

19. The plaintiff is a member of a labor union. Are you a member of a union? Do you have any beliefs or opinions concerning unions or their members that would factor into your judgment in this case?

20. Do you have a close relative or friend who is: (a) a trial lawyer; or (b) a physician?

21. Have you, or has any close friend or relative, ever worked for a railroad company? If so, for how long and in what capacity? Would anything about that experience prevent you from being a fair and impartial juror in this case?

22. Have you, or has any close friend or relative, ever been injured while aboard a train or while on a railroad property? If so, is there anything about that experience that might make it difficult for you to be fair and impartial in this case?

23. Have you, or has any close friend or relative, ever been treated for a back, foot/ankle, or hand/wrist injury? If so, is there anything about that experience that might make it difficult for you to be fair and impartial in this case?

**IV.     Experience with the Courts and the Law**

24. Have you ever served on a jury?  How many times?  For each case, please explain if it was a civil or criminal case and if you reached a verdict.

25. Do you have any opinions, positive or negative about lawyers, judges, or the courts, that may prevent you from being a fair and impartial juror in this case?

26. Have you, or has any close friend or relative, ever sued anyone because of a personal injury? If so, is there anything about that experience that might make it difficult for you to be fair and impartial in this case?

27. Have you, a family member, or a close friend ever been involved in any lawsuit, either as the party filing the lawsuit, the party being sued, or as a witness?  If so, please explain what kind of case it was and what the outcome was.

**V.      Summary/Function of the Jury**

28. The function of the jury is to decide questions of fact.  However, when it comes to the law, you must listen to my instructions and accept and apply the law as I explain it.  You may not substitute your own notions of what the law is or what you think it should be.  Might you have any difficulty following, or do you have any strongly held opinions that may prevent you from following, this instruction?

29. You may hear testimony in this case from expert witnesses. The law is that the testimony of an expert is not entitled to any greater or lesser weight than the testimony of any other witness by virtue of the fact that the witness is an expert. Would you have any difficulty following that instruction?

30. Do you have any bias, sympathy, religious issue, or any other concern that may prevent you from rendering a fair and impartial verdict in this case? If you did feel some sympathy for one of the parties, would you have trouble putting aside those emotions and deciding the case solely on the facts, and on the law as I explain it to you?

31. Do you believe that simply because someone brings a lawsuit, that it must mean the person deserves to recover?

32. Do you have any problem with the concept that a person who brings a lawsuit is entitled to damages only if that person proves his or her case?

33. If you found that the plaintiff has proven his case, would you have any qualms about awarding damages against the defendant?

34. If I were to instruct you that, if you find in favor of the plaintiff, you must consider a monetary award for pain and suffering, would you be unwilling based on personal beliefs or opinions to award monetary damages for pain and suffering?

35. Do you know of any other reason that would prevent you from fairly considering the evidence in this case and reaching an impartial result?  If so, please explain.

36. Aside from the questions that have already been asked, is there anything else you believe that this Court, Plaintiff, or Defendant might want to know in deciding whether you should be selected to serve as a juror in this case?

**VI.**          **Questions for Individual Jurors**

1.      What neighborhood do you live in?  (If fewer than five years, state where else you have lived in the last five years.)

2.      How far did you go in school and what did you study?

3.      Have you ever served in the military?

4.      If you are employed, who is your employer?  (If retired or unemployed, for whom did you last work?)

5.      What is your job title and what are your responsibilities?

6.      How long have you been employed in your current position?  (If fewer than five years, where else have you worked in the last five years?)

7.      Who are the members of your household and what are their occupations?

8.      Do you have children, and, if so, how old are they?  (If you have grown children, what are their occupations?) What is your marital status?

9.      How do you get your news?

10.     What, if anything, do you enjoy reading?

11.     What, if any, television shows do you watch on a regular basis?

12.     What, if any, talk radio programs or Podcasts do you listen to?

13.     What, if any, websites or social media platforms do you use on a regular basis?

14.     Are you a member of any organizations?

15.     What do you like to do in your spare time?

16.     Name a public person, dead or alive, other than a relative, friend, or associate, whom you admire.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**COURT EXHIBIT 2**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NEIL GONZALEZ,                                         :
                                                       :
                              Plaintiff,               :
                                                       :
              v.                                       :
                                                       :                    Case No.: 18-CV-7660 (RA)
METRO-NORTH COMMUTER RAILROAD,                         :
                                                       :
                              Defendant.               :
                                                       :
                                                       :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JURY INSTRUCTIONS**

**DRAFT 3.18.21**

DRAFT – 18 March 2021

## GENERAL INSTRUCTIONS

### A.   <u>Introductory Remarks</u>

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case. There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. Most of these instructions would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy. It is important however that you listen carefully and concentrate. I ask you for patient cooperation and attention. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So when I tell you the law, it's critical that I use exactly the right words.

Because my instructions are lengthy, I have provided each of you with a copy of them, not only so that you can follow them as I read them now, but also so that you can have them with you for reference as you deliberate. Nonetheless, feel free to just listen for now.

### B.   <u>Role of the Court</u>

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

DRAFT – 18 March 2021

**C.**   **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

**D.**   **Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against him or her or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

3

DRAFT – 18 March 2021

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter into your deliberations at all.

**E.**     **Sympathy or Bias**

Under your oath as jurors you are not to be swayed by sympathy or prejudice. Your verdict must be based solely upon the evidence developed at this trial, or the lack thereof. It must be clear to you that once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age, sexual orientation, disability or physical appearance. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**F.**     **All Persons Equal Before the Law**

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. You should consider and decide this case as a dispute between parties of equal standing before the law, and of equal worth. All persons and entities deserve fair, impartial, and conscientious consideration by you. The defendant in this case is a railroad company rather than an individual, but that must not affect your decision. All parties expect that you will fairly and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

DRAFT –  18 March 2021

### G.     Burden of Proof

As this is a civil case, the plaintiff, Mr. Gonzalez, has the burden of proving his claims by a preponderance of the evidence.  This means that the plaintiff must prove by a preponderance of the evidence each and every disputed element of his claim.  If you find that the plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against him on that claim.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence—the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In this case, the Plaintiff has the burden of proving each element of his claim.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the

DRAFT –  18 March 2021

standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

**H.**     **What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  However, testimony that I may have stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence.  It is the witnesses' answers that are evidence, not the questions.  Similarly, any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read in the news media or anything outside of this courtroom may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

6

DRAFT –  18 March 2021

## I.      <u>Direct and Circumstantial Evidence</u>

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he knows by virtue of his or her own senses—something he has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.   An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

DRAFT –  18 March 2021

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

## J.    **Witness Credibility**

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account

8

DRAFT – 18 March 2021

any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

K.    **Expert Witnesses**

You will recall that several medical doctors testified as experts and gave their opinions concerning Plaintiff's physical condition. Experts are witnesses who have acquired learning or experience in science or a specialized area of knowledge by education, experience or training. They are permitted to give their opinions on matters in which they profess to be experts and to

DRAFT –  18 March 2021

give the reasons for their opinions. Someone who is experienced in a field may assist you in understanding the evidence and in reaching your independent decision of the facts.

Your role in judging credibility applies to experts as well as other witnesses. You should judge the expert testimony in the same way that you judge the testimony of any other witness. In weighing expert testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion and all the other evidence in the case. You should also consider whether the factual assumptions on which the expert relied were proven.

**L.    Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of a prerecorded deposition. The deposition consisted of sworn answers of the witness to questions asked by attorneys for the parties to the case in advance of the trial.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or by video.  Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.  You should not draw any negative inference against either party for introducing evidence by presenting deposition testimony instead of live testimony.

**M.    Prior Inconsistent Statement**

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony.  Evidence of a prior inconsistent statement by someone who is not a plaintiff or a defendant is not to be considered by you as affirmative evidence in determining liability.  Evidence of any such prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a

DRAFT –  18 March 2021

witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Where, however, the witness is the plaintiff or the defendant—in the case of Metro North, a company official or any other person in a managerial position—and who by a prior statement has admitted some fact or facts against her, his, or its interest, then such statement, if knowingly made, may be considered as evidence of the truth of the fact or facts admitted by that party, as well as for the credibility of the party as a witness.  Again, how much, if any, weight to be given to the prior statement is up to you.

**N.**      **All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  You should not draw any negative inference against any party with respect to any issue in dispute based on their failure to produce a witness.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

DRAFT –  18 March 2021

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of one witness as to any fact is more probative or compelling than the testimony of a larger number of witnesses to the contrary.

DRAFT –  18 March 2021

**SUBSTANTIVE INSTRUCTIONS**

I will turn now to my instructions on the substantive law to be applied to this case.

### A.  Overview of Plaintiff's Claim

Mr. Gonzalez's claim arises under a federal statute, the Federal Employers' Liability Act, or FELA. FELA provides, in substance, that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees, or from any defect or deficiency, due to the railroad's negligence, in its cars, machinery, track, roadbed, or work areas. Mr. Gonzalez seeks money damages from Metro-North Commuter Railroad to compensate him for a personal injury he claims to have sustained as a result of the Railroad's negligence. The Railroad claims that it provided Mr. Gonzalez with a reasonably safe workplace and that any injuries suffered by Mr. Gonzalez were caused in whole or in part by his own negligence.

In reaching a verdict, you must bear in mind that Mr. Gonzalez, as the Plaintiff, bears the burden of proving each essential element of his claim by a preponderance of the evidence, unless I instruct you otherwise. You have each been given a verdict sheet with questions you must answer in the order presented regarding Mr. Gonzalez's claim.

### B.  The Elements of Plaintiff's Claim

In order for Mr. Gonzalez to prevail on his claim under the FELA, he must prove, by a preponderance of the evidence, each of the following elements:

*First*, that Metro North is a railroad engaged in interstate commerce;

*Second*, that Mr. Gonzalez was an employee of the Railroad in interstate commerce, acting in the course of his employment;

*Third*, that the Railroad or one of its employees or agents was negligent; and

13

DRAFT –  18 March 2021

*Fourth*, that such negligence played a part, no matter how slight, in bringing about Mr. Gonzalez's injury.

If you find that all four of these elements are satisfied, you will then be asked to consider damages, which I will discuss later. If you do not find all four of these elements satisfied, you are not to reach the issue of damages.

The parties have agreed that the first two elements are satisfied, namely, that Metro-North is a railroad engaged in interstate commerce; and that Mr. Gonzalez was an employee of Metro-North in interstate commerce, and was acting in the course of his employment when he claims he was injured on August 10, 2016. The parties also agree that the defendant maintained, operated and controlled the Mott Haven Yard platform in the Bronx, where Mr. Gonzalez claims to have been injured. Therefore, you must consider these first two elements proven, and you need only consider the third and fourth elements, and whether they have been proven by a preponderance of the evidence. I will now explain each of those two elements.

1.   The Third Element – Negligence

The third element of Mr. Gonzalez's FELA claim is whether Metro-North or one of its employees or agents was negligent. Mr. Gonzalez is not automatically entitled to recover if he was injured during his employment. He can only recover from Metro-North if it, or its employees or agents, were negligent. The parties dispute this element, and Mr. Gonzalez must prove it by a preponderance of the evidence.

At the outset, let me explain that, because a corporation can act only through its agents—that is, people like its directors, officers, employees, or other authorized representatives—the law holds a corporation responsible for all unlawful acts or omissions by such agents, provided such unlawful acts or omissions are done within the scope of their authority. Acts done in the ordinary course of employment or in the ordinary course of the corporation's business are considered to be

14

DRAFT – 18 March 2021

within the scope of an employee's authority. Accordingly, Metro North is responsible for the negligent conduct of its employees acting within the scope of their employment.

###### a. Negligence Defined

What is negligence? Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use under similar circumstances. Negligence may arise from doing an act that a reasonable person would not have done under the same circumstances or from failing to do an act that a reasonable person would have done under the same circumstances. Ordinary care is not an absolute term, but a relative one. The conduct in question must be viewed in light of all the surrounding circumstances.

###### b. The Duty to Guard Against Foreseeable Risks

This definition of negligence requires a defendant to guard against those risks or dangers of which it knew, or, by the exercise of due care, should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee as creating a potential for harm resulting from particular circumstances. The Railroad is liable only for the natural and foreseeable consequences of its actions or omissions. If a reasonable person *could not* foresee injury resulting from his or her conduct, or if the person's conduct was reasonable in light of what could be foreseen, taking into consideration all of the knowledge and information that was available at that time, there is no negligence. On the other hand, if a reasonable person *could* foresee injury resulting from his or her conduct and if the conduct was unreasonable in light of what could be foreseen, taking into consideration all of the knowledge and information that was available at that time, there is negligence. The precise danger, occurrence, or injury sustained by Mr. Gonzalez need not have been foreseeable; it is sufficient if the general type of injury Mr. Gonzalez sustained and the general means by which it occurred were foreseeable.

DRAFT –  18 March 2021

*c. Foreseeability Considerations*

How do you determine whether Metro-North knew—or, through the exercise of reasonable care, should have known—of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the Railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the Railroad or its foreman or other agents, such as through an employee's statements, complaints, or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections that would have brought the dangerous condition to the Railroad's attention, or whether a reasonably prudent person would have otherwise known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against a risk, based upon actual knowledge, complaints, or reasonable inspections, and you find that Metro-North failed to take such reasonable precautions, then you may find that Metro-North was negligent.

*d. Standard Varies With Level of Risk*

It is also important to note that the degree of care that a reasonably prudent person would exercise varies with the level of risk. The greater the risk of harm, the greater the required level of care.

*e. Continuing Duty to Provide Reasonably Safe Place to Work, Including Inspection*

The Railroad therefore has a duty to exercise reasonable care to provide employees with a reasonably safe place to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment. The employer's duty to provide a safe place to work may not be delegated to a third party. This duty includes the obligation to inspect work areas and equipment and to take

16

DRAFT –  18 March 2021

reasonable precautions to protect employees from possible danger. This duty is a "continuing duty," meaning that it is not relieved by the fact that an employee's work at the place in question is fleeting or infrequent.

An employer breaches its duty to provide a safe workplace when it knows or should know of a potential hazard in the workplace but fails to exercise reasonable care to inform and protect its employees. An employer's otherwise reasonable conduct may become unreasonable if the employer, after being informed that a condition is potentially dangerous, fails to investigate and, if necessary, correct the problem.

### f.  Summary of Negligence

To summarize, if you find by a preponderance of the evidence that Metro North failed to exercise reasonable care to provide Mr. Gonzalez with a reasonably safe place to work or reasonably safe conditions, tools, or equipment, or that Metro North failed in any other way to exercise reasonable care under the circumstances, you may find that Metro North was negligent.

### 2.  The Fourth Element—Causation

I'll now discuss the fourth element of Mr. Gonzalez's FELA claim, causation. You should consider the issue of causation only if you have found that Mr. Gonzalez has proven, by a preponderance of the evidence, that the Railroad was negligent.

The causation element requires you to determine whether Mr. Gonzalez has established that his injury resulted, in whole or in part, from the Railroad's negligence. In other words, if you have found that the Railroad was negligent, then you must next decide whether Mr. Gonzalez has proven that such negligence played a part, even the slightest part, in bringing about his injury.

It is important to remember that there can be more than one cause of an injury. The fact that there may be other causes does not preclude a finding for Mr. Gonzalez, as long as you find that Metro-North's negligence played any part, no matter how slight, in causing an injury to Mr.

DRAFT – 18 March 2021

Gonzalez. Even if you conclude that Metro-North failed to provide a reasonably safe place to work, you cannot hold it liable unless that failure was a cause of Mr. Gonzalez's injury. There must be a causal connection.

### 3. Summary of FELA Claim

To summarize for you briefly, I have described for you the elements that Mr. Gonzalez must prove by a preponderance of the evidence to prove his claim under FELA against Metro North. The parties agree that: first, Metro North is a railroad engaged in interstate commerce; and second, that Mr. Gonzalez was an employee of Metro North in interstate commerce, acting in the course of his employment. You must determine whether Mr. Gonzalez has proven the third and fourth elements, which are disputed, by a preponderance of the evidence. The third element is that Metro North or one of its employees or agents was negligent. The fourth element is that such negligence played a part, no matter how slight, in bringing about an injury to Mr. Gonzalez. If you find that the third and fourth elements I have described have been satisfied, you will have found the Defendant liable, and you should so indicate on the verdict form. As you will see, the verdict form contains separate lines on which to record your findings as to the third and fourth elements of Mr. Gonzalez's claim.

## C. Affirmative Defenses

### 1. Burden of Proof

In addition to denying that Mr. Gonzalez has proven certain elements of his claim, the Defendant in this case has asserted certain affirmative defenses. With respect to the affirmative defenses that have been asserted by the Railroad, the burden of proof is upon the Railroad to prove the material allegations of those affirmative defenses by a preponderance of the evidence.

### 2. Contributory Negligence

I have already explained that you may find the Railroad liable if it failed to

18

DRAFT –  18 March 2021

provide the Plaintiff with a reasonably safe work environment or was otherwise negligent and if such negligence played a part, even the slightest, in causing the Plaintiff's injuries. If you find that Mr. Gonzalez has satisfied his burden of proof on negligence and causation, then, before considering damages, you must determine whether Mr. Gonzalez was negligent in causing his own injury.

In this case, Metro-North contends that Mr. Gonzalez's injuries were due, at least in part, to Mr. Gonzalez's own negligence. This is referred to as "contributory negligence." If you find that Mr. Gonzalez was negligent, that does not prevent Mr. Gonzalez from recovering damages if you find that Metro-North's negligence also played a part in causing Mr. Gonzalez's injuries. Rather, it would result in a reduction of Mr. Gonzalez's damages in proportion to the amount of negligence attributable to Mr. Gonzalez, as I will explain in detail shortly.

You will need to determine whether Mr. Gonzalez was contributorily negligent, and if so, the extent to which his negligence contributed to the accident. To determine whether Mr. Gonzalez was "contributorily negligent," you apply the same definition of negligence discussed earlier: that is, did Mr. Gonzalez take, or fail to take, actions which a reasonably prudent person would have taken under the circumstances? You also apply the same rule of causation discussed earlier: that is, did Mr. Gonzalez's negligence, if any, play any part, even the slightest, in bringing about his injuries? Metro North has the burden to establish the affirmative defense of contributory negligence by a preponderance of the evidence.

### 3.  **Comparative Negligence**

Now, if you find by a preponderance of the evidence that the Defendant was negligent and that its negligence played a part in causing Plaintiff's injuries; and if you also find by a preponderance of the evidence that the Plaintiff was negligent and that his negligence played a part in causing his own injuries; then you must determine the percentage to which Plaintiff's

DRAFT –  18 March 2021

negligence, if any, contributed to his injuries. You will report this percentage on the verdict form

which I will discuss shortly, and then after you return your verdict, I will decrease the amount of

damages you have found, if any, by the percentage by which you find the Plaintiff's negligence

contributed to his own injuries. As I will remind you when I discuss damages in detail, if you

reach the issue of damages, you should address the question of damages as a separate matter

from the issue of contributory negligence.

### D.  Damages

I will now turn to discussing damages. You are to reach the issue of damages if, but only

if, you find that Mr. Gonzalez has established the first four elements of his FELA claim, as I have

explained them to you, by a preponderance of the evidence. You should not assume that Mr.

Gonzalez is entitled to recover damages merely because I am instructing you on how to calculate

damages. That is for you to decide. I am instructing you on damages only so that you will have all

the guidance you need should you decide that he is entitled to damages.

1.  <u>Damages Generally</u>

The burden is on Mr. Gonzalez to prove damages by a preponderance of the evidence. You

may award damages to compensate Mr. Gonzalez for injuries that he has proven he suffered as a

result of the Railroad's negligence. You are not permitted to award damages for an injury that is

speculative or conjectural. Thus, Mr. Gonzalez is not entitled to recover damages if he fails to

carry the burden of proving the existence of an injury and that the injury was caused by the

Railroad's negligence.

Your award of damages must be fair and just. It must be neither excessive nor inadequate;

it must be reasonable. In awarding damages, you must be guided by dispassionate common sense.

Computing damages may be difficult, but you must not let that difficulty lead you to engage in

DRAFT – 18 March 2021

arbitrary guesswork. On the other hand, the law does not require Mr. Gonzalez to prove the amount of his losses with mathematical precision but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the evidence. The purpose of compensatory damages is to make the plaintiff whole, not for him to recover more than what he lost.

~~In this case, the statute Mr. Gonzalez is suing under is the only way he can be compensated for his injury. You should therefore disregard any knowledge you may have about other means by which employees can be compensated for on-the-job injury.~~

2.  <u>Categories of Recoverable Damages</u>

Under the FELA, Mr. Gonzalez, if he has sustained his burden of proof as to the Railroad's liability, may recover for the following types of damages.

*First*, he may recover for loss of earnings from the time of the accident to the present. For lost earnings, you should determine the amount of income Mr. Gonzalez proved he lost from the date of his injury until today, due to his injury. Any award you make for earnings lost to date must not be the result of speculation. Any award must be calculated based on (1) the period of time that you find Mr. Gonzalez was disabled from working by the injuries caused by Metro North's negligence, and (2) the amount you find that Mr. Gonzalez would have earned had he not been injured.

*Second*, he may recover for pain, suffering, and mental anguish, including the effect of his injury on his normal pursuits and pleasures of life, experienced from the date of the injury to the present. The term "pain and suffering" means any mental suffering, including emotional suffering, or any resultant physical ailment caused by the Railroad's negligence. In determining the amount,

DRAFT –  18 March 2021

if any, to award Mr. Gonzalez for pain and suffering, you may take into account any effect that his injury has had on his ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities that were a part of the person's life before the injury, and to experience the pleasures of life.

Third, he may recover for pain, suffering and mental anguish, if any, as you may reasonably find he is likely to endure in the future as a result of his injury. If you determine that Mr. Gonzalez will continue to experience pain and suffering caused by the injury into the future, you should include in your damage award reasonable compensation for his future pain and suffering.

Mr. Gonzalez may also recover out-of-pocket expenses, such as medical expenses.

In considering Mr. Gonzalez's claim for pain and suffering damages, I instruct you that there is no requirement that evidence of the monetary value of intangible things such as pain and suffering be introduced into evidence. There is no exact standard or formula for fixing the compensation to be awarded for these elements of damages. You must use your own good judgment and common sense. But any award you choose must be fair and reasonable and must be commensurate with the pain and discomfort Mr. Gonzalez has proven he actually endured or will in the future endure as a result of his injury.

If you make any award of damages, such award is not subject to federal income taxes, and you should not consider such taxes in determining the amount of damages, if any, to award. Further, as previously mentioned, do not reduce your damages award based on any finding you may have made regarding contributory negligence.

3.   Discounting Future Damages

Damages for future pain and suffering compensate the Plaintiff for damages he will incur over time in the future. A given sum of money in hand now is worth more than the same sum of

DRAFT –  18 March 2021

money paid in the future because the sum of money now in hand may be invested and earn interest. Thus, if you make an award for future pain and suffering, you must reduce each annual installment to its present value to account for the fact that he will receive a lump sum payment for future damages. This process is referred to as "discounting to present value."

To discount the amount of future pain and suffering, if any, to present value, you should use the "real interest rate" method. In the "real interest rate" approach, it is assumed that the interest rate which could be earned on a given sum of money is offset, either partially or completely, by general inflation, with the remaining interest rate representing the "real" rate of interest. Although economists disagree on this subject, I charge you that a discount rate between one and three percent would be a reasonable "real" rate of interest. Once you have determined the appropriate discount rate, if any, you should apply it to the amount of future pain and suffering for each year. The sum of all the annual figures, after discounting, equals the award for future pain and suffering.

———

DRAFT –  18 March 2021

## DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.      Selection and Duties of Foreperson

Before you begin deliberating, you should by your own vote select one of you to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### B.      Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact any communications with the Court—should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

### C.      Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes

24

DRAFT –  18 March 2021

that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.      <u>Duty to Deliberate; Unanimous Verdict</u>

Shortly, you will retire to decide the case.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

DRAFT – 18 March 2021

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

**E.    Verdict Form**

Your verdict will take the form of a special verdict comprising your answers to written questions. Your answer to each question must reflect your unanimous verdict on each question. In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

**F.    Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**CONCLUSION**

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, if you apply your own common sense, and if you follow my instructions on the law, you will reach a fair verdict here.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**COURT EXHIBIT 3**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
NEIL GONZALEZ, :
:
                         Plaintiff, :
:
       v. :            Case No.: 18-CV-7660 (RA)
:
METRO-NORTH COMMUTER RAILROAD, :
:
                        Defendant. :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JURY INSTRUCTIONS**

March 19, 2021

## GENERAL INSTRUCTIONS

**A.      Introductory Remarks**

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy.  It is important however that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So when I tell you the law, it's critical that I use exactly the right words.

Because my instructions are lengthy, I have provided each of you with a copy of them, not only so that you can follow them as I read them now, but also so that you can have them with you for reference as you deliberate.  Nonetheless, feel free to just listen for now.

**B.      Role of the Court**

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

C.      **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

D.      **Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against him or her or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and none of the events relating to these conferences should enter into your deliberations at all.

### E.    Sympathy or Bias

Under your oath as jurors you are not to be swayed by sympathy or prejudice. Your verdict must be based solely upon the evidence developed at this trial, or the lack thereof. It must be clear to you that once you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age, sexual orientation, disability or physical appearance. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

### F.    All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. You should consider and decide this case as a dispute between parties of equal standing before the law, and of equal worth. All persons and entities deserve fair, impartial, and conscientious consideration by you. The defendant in this case is a railroad company rather than an individual, but that must not affect your decision. All parties expect that you will fairly and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

4

## G.   **Burden of Proof**

As this is a civil case, the plaintiff, Mr. Gonzalez, has the burden of proving his claims by a preponderance of the evidence.  This means that the plaintiff must prove by a preponderance of the evidence each and every disputed element of his claim.  If you find that the plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against him on that claim.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence—the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

In this case, the Plaintiff has the burden of proving each element of his claim.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the

standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

**H.**   **What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. However, testimony that I may have stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence.  It is the witnesses' answers that are evidence, not the questions.  Similarly, any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read in the news media or anything outside of this courtroom may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

## I.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his or her own senses—something he has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

**J.      Witness Credibility**

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account

any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case.  A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

K.    **Expert Witnesses**

You will recall that several medical doctors testified as experts and gave their opinions concerning Plaintiff's physical condition. Experts are witnesses who have acquired learning or experience in science or a specialized area of knowledge by education, experience or training. They are permitted to give their opinions on matters in which they profess to be experts and to

give the reasons for their opinions. Someone who is experienced in a field may assist you in understanding the evidence and in reaching your independent decision of the facts.

Your role in judging credibility applies to experts as well as other witnesses. You should judge the expert testimony in the same way that you judge the testimony of any other witness. In weighing expert testimony, you should consider the factors that generally bear upon the credibility of a witness, as well as the expert witness's education, training and experience, the soundness of the reasons given for the opinion and all the other evidence in the case. You should also consider whether the factual assumptions on which the expert relied were proven.

**L.**     **Use of Depositions as Evidence**

During the trial, certain testimony has been presented by way of a prerecorded deposition. The deposition consisted of sworn answers of the witness to questions asked by attorneys for the parties to the case in advance of the trial.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or by video.  Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.  You should not draw any negative inference against either party for introducing evidence by presenting deposition testimony instead of live testimony.

**M.**     **Prior Inconsistent Statement**

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony.  Evidence of a prior inconsistent statement by someone who is not a plaintiff or a defendant is not to be considered by you as affirmative evidence in determining liability.  Evidence of any such prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a

10

witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Where, however, the witness is the plaintiff or the defendant—in the case of Metro North, a company official or any other person in a managerial position—and who by a prior statement has admitted some fact or facts against her, his, or its interest, then such statement, if knowingly made, may be considered as evidence of the truth of the fact or facts admitted by that party, as well as for the credibility of the party as a witness. Again, how much, if any, weight to be given to the prior statement is up to you.

**N.**     **All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. You should not draw any negative inference against any party with respect to any issue in dispute based on their failure to produce a witness. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of one witness as to any fact is more probative or compelling than the testimony of a larger number of witnesses to the contrary.

**SUBSTANTIVE INSTRUCTIONS**

I will turn now to my instructions on the substantive law to be applied to this case.

**A.  Overview of Plaintiff's Claim**

Mr. Gonzalez's claim arises under a federal statute, the Federal Employers' Liability Act, or FELA. FELA provides, in substance, that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees, or from any defect or deficiency, due to the railroad's negligence, in its cars, machinery, track, roadbed, or work areas. Mr. Gonzalez seeks money damages from Metro-North Commuter Railroad to compensate him for a personal injury he claims to have sustained as a result of the Railroad's negligence. The Railroad claims that it provided Mr. Gonzalez with a reasonably safe workplace and that any injuries suffered by Mr. Gonzalez were caused in whole or in part by his own negligence.

In reaching a verdict, you must bear in mind that Mr. Gonzalez, as the Plaintiff, bears the burden of proving each essential element of his claim by a preponderance of the evidence, unless I instruct you otherwise. You have each been given a verdict sheet with questions you must answer in the order presented regarding Mr. Gonzalez's claim.

**B.  The Elements of Plaintiff's Claim**

In order for Mr. Gonzalez to prevail on his claim under the FELA, he must prove, by a preponderance of the evidence, each of the following elements:

*First*, that Metro North is a railroad engaged in interstate commerce;

*Second*, that Mr. Gonzalez was an employee of the Railroad in interstate commerce, acting in the course of his employment;

*Third*, that the Railroad or one of its employees or agents was negligent; and

13

**Fourth**, that such negligence played a part, no matter how slight, in bringing about Mr. Gonzalez's injury.

If you find that all four of these elements are satisfied, you will then be asked to consider damages, which I will discuss later. If you do not find all four of these elements satisfied, you are not to reach the issue of damages.

The parties have agreed that the first two elements are satisfied, namely, that Metro-North is a railroad engaged in interstate commerce; and that Mr. Gonzalez was an employee of Metro-North in interstate commerce, and was acting in the course of his employment when he claims he was injured on August 10, 2016. The parties also agree that the defendant maintained, operated and controlled the Mott Haven Yard platform in the Bronx, where Mr. Gonzalez claims to have been injured. Therefore, you must consider these first two elements proven, and you need only consider the third and fourth elements, and whether they have been proven by a preponderance of the evidence. I will now explain each of those two elements.

1.  <u>The Third Element – Negligence</u>

The third element of Mr. Gonzalez's FELA claim is whether Metro-North or one of its employees or agents was negligent. Mr. Gonzalez is not automatically entitled to recover if he was injured during his employment. He can only recover from Metro-North if it, or its employees or agents, were negligent. The parties dispute this element, and Mr. Gonzalez must prove it by a preponderance of the evidence.

At the outset, let me explain that, because a corporation can act only through its agents— that is, people like its directors, officers, employees, or other authorized representatives—the law holds a corporation responsible for all unlawful acts or omissions by such agents, provided such unlawful acts or omissions are done within the scope of their authority. Acts done in the ordinary course of employment or in the ordinary course of the corporation's business are considered to be

within the scope of an employee's authority. Accordingly, Metro North is responsible for the negligent conduct of its employees acting within the scope of their employment.

### a. Negligence Defined

What is negligence? Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use under similar circumstances. Negligence may arise from doing an act that a reasonable person would not have done under the same circumstances or from failing to do an act that a reasonable person would have done under the same circumstances. Ordinary care is not an absolute term, but a relative one. The conduct in question must be viewed in light of all the surrounding circumstances.

### b. The Duty to Guard Against Foreseeable Risks

This definition of negligence requires a defendant to guard against those risks or dangers of which it knew, or, by the exercise of due care, should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee as creating a potential for harm resulting from particular circumstances. The Railroad is liable only for the natural and foreseeable consequences of its actions or omissions. If a reasonable person *could not* foresee injury resulting from his or her conduct, or if the person's conduct was reasonable in light of what could be foreseen, taking into consideration all of the knowledge and information that was available at that time, there is no negligence. On the other hand, if a reasonable person *could* foresee injury resulting from his or her conduct and if the conduct was unreasonable in light of what could be foreseen, taking into consideration all of the knowledge and information that was available at that time, there is negligence. The precise danger, occurrence, or injury sustained by Mr. Gonzalez need not have been foreseeable; it is sufficient if the general type of injury Mr. Gonzalez sustained and the general means by which it occurred were foreseeable.

*c.    Foreseeability Considerations*

How do you determine whether Metro-North knew—or, through the exercise of reasonable care, should have known—of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the Railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the Railroad or its foreman or other agents, such as through an employee's statements, complaints, or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections that would have brought the dangerous condition to the Railroad's attention, or whether a reasonably prudent person would have otherwise known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against a risk, based upon actual knowledge, complaints, or reasonable inspections, and you find that Metro-North failed to take such reasonable precautions, then you must find that Metro-North was negligent.

*d.    Standard Varies With Level of Risk*

It is also important to note that the degree of care that a reasonably prudent person would exercise varies with the level of risk. The greater the risk of harm, the greater the required level of care.

*e.    Continuing Duty to Provide Reasonably Safe Place to Work, Including Inspection*

The Railroad therefore has a duty to exercise reasonable care to provide employees with a reasonably safe place to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment. The employer's duty to provide a safe place to work may not be delegated to a third party. This duty includes the obligation to inspect work areas and equipment and to take

reasonable precautions to protect employees from possible danger. This duty is a "continuing duty," meaning that it is not relieved by the fact that an employee's work at the place in question is fleeting or infrequent.

An employer breaches its duty to provide a safe workplace when it knows or should know of a potential hazard in the workplace but fails to exercise reasonable care to inform and protect its employees. An employer's otherwise reasonable conduct may become unreasonable if the employer, after being informed that a condition is potentially dangerous, fails to investigate and, if necessary, correct the problem.

### f.  *Summary of Negligence*

To summarize, if you find by a preponderance of the evidence that Metro North failed to exercise reasonable care to provide Mr. Gonzalez with a reasonably safe place to work or reasonably safe conditions, tools, or equipment, or that Metro North failed in any other way to exercise reasonable care under the circumstances, you must find that Metro North was negligent.

### 2.  The Fourth Element—Causation

I'll now discuss the fourth element of Mr. Gonzalez's FELA claim, causation. You should consider the issue of causation only if you have found that Mr. Gonzalez has proven, by a preponderance of the evidence, that the Railroad was negligent.

The causation element requires you to determine whether Mr. Gonzalez has established that his injury resulted, in whole or in part, from the Railroad's negligence. In other words, if you have found that the Railroad was negligent, then you must next decide whether Mr. Gonzalez has proven that such negligence played a part, even the slightest part, in bringing about his injury.

It is important to remember that there can be more than one cause of an injury. The fact that there may be other causes does not preclude a finding for Mr. Gonzalez, as long as you find that Metro-North's negligence played any part, no matter how slight, in causing an injury to Mr.

Gonzalez. Even if you conclude that Metro-North failed to provide a reasonably safe place to work, you cannot hold it liable unless that failure was a cause of Mr. Gonzalez's injury. There must be a causal connection.

3.   Summary of FELA Claim

To summarize for you briefly, I have described for you the elements that Mr. Gonzalez must prove by a preponderance of the evidence to prove his claim under FELA against Metro North. The parties agree that: first, Metro North is a railroad engaged in interstate commerce; and second, that Mr. Gonzalez was an employee of Metro North in interstate commerce, acting in the course of his employment. You must determine whether Mr. Gonzalez has proven the third and fourth elements, which are disputed, by a preponderance of the evidence. The third element is that Metro North or one of its employees or agents was negligent. The fourth element is that such negligence played a part, no matter how slight, in bringing about an injury to Mr. Gonzalez. If you find that the third and fourth elements I have described have been satisfied, you will have found the Defendant liable, and you should so indicate on the verdict form. As you will see, the verdict form contains separate lines on which to record your findings as to the third and fourth elements of Mr. Gonzalez's claim.

### C.  Affirmative Defenses

#### 1.  Burden of Proof

In addition to denying that Mr. Gonzalez has proven certain elements of his claim, the Defendant in this case has asserted certain affirmative defenses. With respect to the affirmative defenses that have been asserted by the Railroad, the burden of proof is upon the Railroad to prove the material allegations of those affirmative defenses by a preponderance of the evidence.

#### 2.  Contributory Negligence

I have already explained that you must find the Railroad liable if it failed to

provide the Plaintiff with a reasonably safe work environment or was otherwise negligent and if such negligence played a part, even the slightest, in causing the Plaintiff's injuries. If you find that Mr. Gonzalez has satisfied his burden of proof on negligence and causation, then, before considering damages, you must determine whether Mr. Gonzalez was negligent in causing his own injury.

In this case, Metro-North contends that Mr. Gonzalez's injuries were due, at least in part, to Mr. Gonzalez's own negligence. This is referred to as "contributory negligence." If you find that Mr. Gonzalez was negligent, that does not prevent Mr. Gonzalez from recovering damages if you find that Metro-North's negligence also played a part in causing Mr. Gonzalez's injuries. Rather, it would result in a reduction of Mr. Gonzalez's damages in proportion to the amount of negligence attributable to Mr. Gonzalez, as I will explain in detail shortly.

You will need to determine whether Mr. Gonzalez was contributorily negligent, and if so, the extent to which his negligence contributed to the accident. To determine whether Mr. Gonzalez was "contributorily negligent," you apply the same definition of negligence discussed earlier: that is, did Mr. Gonzalez take, or fail to take, actions which a reasonably prudent person would have taken under the circumstances? You also apply the same rule of causation discussed earlier: that is, did Mr. Gonzalez's negligence, if any, play any part, even the slightest, in bringing about his injuries? Metro North has the burden to establish the affirmative defense of contributory negligence by a preponderance of the evidence.

### 3. Comparative Negligence

Now, if you find by a preponderance of the evidence that the Defendant was negligent and that its negligence played a part in causing Plaintiff's injuries; and if you also find by a preponderance of the evidence that the Plaintiff was negligent and that his negligence played a part in causing his own injuries; then you must determine the percentage to which Plaintiff's

negligence, if any, contributed to his injuries. You will report this percentage on the verdict form which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find the Plaintiff's negligence contributed to his own injuries. As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question of damages as a separate matter from the issue of contributory negligence.

### D.  Damages

I will now turn to discussing damages. You are to reach the issue of damages if, but only if, you find that Mr. Gonzalez has established the first four elements of his FELA claim, as I have explained them to you, by a preponderance of the evidence. You should not assume that Mr. Gonzalez is entitled to recover damages merely because I am instructing you on how to calculate damages. That is for you to decide. I am instructing you on damages only so that you will have all the guidance you need should you decide that he is entitled to damages.

### 1.  Damages Generally

The burden is on Mr. Gonzalez to prove damages by a preponderance of the evidence. You may award damages to compensate Mr. Gonzalez for injuries that he has proven he suffered as a result of the Railroad's negligence. You are not permitted to award damages for an injury that is speculative or conjectural. Thus, Mr. Gonzalez is not entitled to recover damages if he fails to carry the burden of proving the existence of an injury and that the injury was caused by the Railroad's negligence.

Your award of damages must be fair and just. It must be neither excessive nor inadequate; it must be reasonable. In awarding damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in

arbitrary guesswork. On the other hand, the law does not require Mr. Gonzalez to prove the amount of his losses with mathematical precision but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the evidence. The purpose of compensatory damages is to make the plaintiff whole, not for him to recover more than what he lost.

2.   Categories of Recoverable Damages

Under the FELA, Mr. Gonzalez, if he has sustained his burden of proof as to the Railroad's liability, may recover for the following types of damages.

*First*, he may recover for loss of earnings from the time of the accident to June 29, 2017. For lost earnings, you should determine the amount of income Mr. Gonzalez proved he lost from the date of his injury until June 29, 2017, due to his injury. Any award you make for earnings lost during that period must not be the result of speculation. Any award must be calculated based on (1) the period of time that you find Mr. Gonzalez was disabled from working by the injuries caused by Metro North's negligence, and (2) the amount you find that Mr. Gonzalez would have earned had he not been injured.

*Second*, he may recover for pain, suffering, and mental anguish, including the effect of his injury on his normal pursuits and pleasures of life, experienced from the date of the injury to the present. The term "pain and suffering" means any mental suffering, including emotional suffering, or any resultant physical ailment caused by the Railroad's negligence. In determining the amount, if any, to award Mr. Gonzalez for pain and suffering, you may take into account any effect that his injury has had on his ability to enjoy life. Loss of enjoyment of life involves the loss of the ability

to perform daily tasks, to participate in the activities that were a part of the person's life before the injury, and to experience the pleasures of life.

Third, he may recover for pain, suffering and mental anguish, if any, as you may reasonably find he is likely to endure in the future as a result of his injury. If you determine that Mr. Gonzalez will continue to experience pain and suffering caused by the injury into the future, you should include in your damage award reasonable compensation for his future pain and suffering.

In considering Mr. Gonzalez's claim for pain and suffering damages, I instruct you that there is no requirement that evidence of the monetary value of intangible things such as pain and suffering be introduced into evidence. There is no exact standard or formula for fixing the compensation to be awarded for these elements of damages. You must use your own good judgment and common sense. But any award you choose must be fair and reasonable and must be commensurate with the pain and discomfort Mr. Gonzalez has proven he actually endured or will in the future endure as a result of his injury.

If you make any award of damages, such award is not subject to federal income taxes, and you should not consider such taxes in determining the amount of damages, if any, to award.  Further, as previously mentioned, do not reduce your damages award based on any finding you may have made regarding contributory negligence.

## DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

**A.**    **Selection and Duties of Foreperson**

Before you begin deliberating, you should by your own vote select one of you to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

**B.**    **Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact any communications with the Court—should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

**C.**    **Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes

that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**D.**     **Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

**E.**   **Verdict Form**

Your verdict will take the form of a special verdict comprising your answers to written questions.  Your answer to each question must reflect your unanimous verdict on each question. In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.

You should answer every question except where the verdict form indicates otherwise.  You should also proceed through the questions in the order in which they are listed.

**F.**   **Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, if you apply your own common sense, and if you follow my instructions on the law, you will reach a fair verdict here.

March 19th 2021 !

We the members of the

Jury have reached a
        Verdict.

Sandra James   3·20 PM.

COURT EXHIBIT

4

COURT EXHIBIT

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NEIL GONZALEZ,                              :
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :        **VERDICT SHEET**
                                            :
METRO-NORTH COMMUTER RAILROAD,              :        Case No.: 18-CV-7660 (RA)
                                            :
                    Defendant.              :
                                            :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Please answer the questions in the order they are presented.**
**All jurors must agree on the answers to all of the questions.**

I.   **Negligence of Defendant**

1.  Did Mr. Gonzalez prove by a preponderance of the evidence that Metro-North
    Commuter Railroad was negligent in failing to provide a reasonably safe place to work?

                    YES _____      NO ✓_____

*If you answered "YES" to Question 1, proceed to Question 2. If you answered "NO" to Question*
*1, skip to page 3 of the verdict sheet. Sign and date the verdict sheet and give the marshal a note*
*stating that you have reached a verdict.*

2.  Did Mr. Gonzalez prove by a preponderance of the evidence that Metro-North's
    negligence played a part in bringing about his injury on August 10, 2016?

                    YES _____      NO _____

*If you answered "YES" to Question 2, proceed to Question 3. If you answered "NO" to Question*
*2, skip to page 3 of the verdict sheet. Sign and date the verdict sheet and give the marshal a note*
*stating that you have reached a verdict.*

II.  **Contributory Negligence**

3.  Has Metro-North proven by a preponderance of the evidence that Mr. Gonzalez was negligent in his own actions preceding his injury on August 10, 2016?

YES _____  NO _____

*If you answered "YES" to Question 3, proceed to Question 4. If you answered "NO" to Question 3, skip Questions 4 and 5, and proceed to Question 6.*

4.  Has Metro-North proven by a preponderance of the evidence that Mr. Gonzalez's negligence on August 10, 2016 played a part in bringing about his injury?

YES _____  NO _____

*If you answered "YES" to Question 4, proceed to Question 5. If you answered "NO" to Question 4, skip Question 5 and proceed to Question 6.*

5.  If your answers to Question 3 and Question 4 are "YES," state in percentages how much each party's negligence contributed to Mr. Gonzalez's injury:

Metro-North's negligence _____%

Mr. Gonzalez's negligence _____%

**TOTAL MUST EQUAL 100%**

III.  **Damages**

6.  What amount of damages do you find Mr. Gonzalez sustained as a result of the accident on August 10, 2016, if any?

a.  Loss of earnings from August 10, 2016 to June 29, 2017:

$_____

b.  Pain, suffering, and mental anguish experienced from August 10, 2016 to the present:

$_____

c.  Future pain, suffering, and mental anguish:

$_____

d.  Total Amount of Damages (if any): $_____

2

You are finished. Please sign your names in the spaces provided below, fill in the date, and inform the marshal that you have reached a verdict.

_____    _____
Foreperson

_____    _____

_____    _____

_____    _____

**Dated:** March 19, 2021     at 3·20pm .

3